UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BALDOR ELECTRIC COMPANY, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) **JURY TRIAL DEMANDED** |
| KELORA SYSTEMS, LLC, | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Baldor Electric Company ("Baldor"), by and through its attorneys, and for its Complaint for Declaratory Judgment against Defendant Kelora Systems, LLC ("Kelora"), states as follows:

### PARTIES

1. Baldor is a Missouri corporation with its principal place of business at P.O. Box 2400, 5711 R.S. Boreham, Jr. Street, Fort Smith, Arkansas 72901.

2. Upon information and belief, Kelora is a Delaware limited liability company with its principal place of business at 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to 35 U.S.C. §§ 1331 and 1338(a) because Baldor's claims arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*.

4. Baldor is a Missouri corporation that markets, designs, and manufactures industrial electric motors, mechanical power transmission products, drives, and generators. All Baldor products are available from Baldor's St. Louis, Missouri business location at 13678 Lakefront Drive, St. Louis, Missouri 63045.

5. On information and belief, Kelora's primary business is licensing and enforcement of patents.

6. On October 28, 2011, Defendant Kelora, through counsel, sent a letter to Baldor (the "October 28 letter") threatening litigation against Baldor. The October 28 letter is attached as Exhibit A and incorporated herein by reference.

7. Kelora's October 28 letter states that Kelora is the owner of U.S. Patent Number 6,275,821 ("the '821 patent"), entitled "Method and System for Executing a Guided Parametric Search."

8. Kelora's October 28 letter presents Baldor with an ultimatum – either pay Kelora for a license by November 28, 2011, or else Kelora will file a patent infringement suit against Baldor "in your [Baldor's] jurisdiction." *See* Exhibit A.

9. Kelora asserts that Baldor's website, www.baldor.com, somehow constitutes infringement of "one or more claims of the '821 patent." *See* Exhibit A at p. 1-2.

10. The October 28 letter demands that Baldor pay Kelora for a license under the '821 patent, and the letter attaches a complaint against Baldor. Kelora states that, unless Baldor takes the offered license, Kelora "will file this complaint" in "your [Baldor's] jurisdiction." *See* Exhibit A at p. 4.

11. Baldor is not infringing and is not threatening to infringe any claim of the '821 patent.

12. The '821 patent is invalid, unenforceable, and/or void.

13. Kelora, through its October 28, 2011 letter to Baldor, has created a substantial controversy between itself and Baldor of sufficient immediacy and reality to warrant relief.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant Kelora is subject to personal jurisdiction in this judicial district, and further because a substantial part of the events and activities giving rise to Baldor's claims occurred in this judicial district.

### COUNT I
### DECLARATORY JUDGMENT REGARDING NON-INFRINGEMENT OF THE '821 PATENT

15. Baldor incorporates by reference the above paragraphs as if fully set forth herein.

16. None of the claims of the '821 patent have been directly infringed by Baldor.

17. None of the claims of the '821 patent have been contributorily infringed by Baldor.

18. None of the claims of the '821 patent have been infringed by active inducement by Baldor.

19. Based on Kelora's letter to Baldor dated October 28, 2011, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Baldor has infringed any claim of the '821 patent. Baldor is entitled to a declaratory judgment that will resolve this justiciable controversy.

### COUNT II
### DECLARATORY JUDGMENT REGARDING INVALIDITY OF THE '821 PATENT

20. Baldor incorporates by reference the above paragraphs as if fully set forth herein.

21.	Any and all asserted claims of the '821 patent are invalid for failing to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

22.	Based on Kelora's letter to Baldor dated October 28, 2011, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '821 patent.  A declaratory judgment is necessary and appropriate to resolve this justiciable controversy and so that Baldor may ascertain its rights and duties regarding the '821 patent.

## JURY DEMAND

Baldor demands that all claims and causes of action raised in this Complaint be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Baldor Electric Company ("Baldor") requests that this Court enter judgment in its favor and grant the following relief:

A.	A declaration that Baldor has not infringed and does not infringe any claim of the '821 patent;

B.	A declaration that each of the claims of the '821 patent is invalid;

C.	A declaration that each of the claims of the '821 patent is unenforceable;

D.	A declaration that the claims of the '821 patent do not cover and cannot validly cover Baldor's accused acts, systems, and technology, including Baldor's website, www.baldor.com.

E.	An order declaring Baldor the prevailing party and that this is an exceptional case, awarding Baldor its costs, expenses, and disbursements in this action, including

        reasonable attorney' fees, pursuant to 35 U.S.C. §§ 284, 285 and other applicable statutes, rules, and common law; and

F.      An award to Baldor of such further relief as the Court may deem appropriate.

        Respectfully Submitted,

        THOMPSON COBURN LLP

        /s/  David B. Jinkins                 _
        David B. Jinkins, #49254MO
        Benjamin R. Askew, #58933MO
        One US Bank Plaza
        St. Louis, Missouri 63101
        314-552-6000
        314-552-7000 (fax)
        djinkins@thompsoncoburn.com
        baskew@thompsoncoburn.com

        *Attorneys for Plaintiff Baldor Electric Company*